# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-50998
Summary Calendar

BURNEY VON MINDEN; ERIC VON MINDEN

Plaintiffs-Appellants

v.

J.W. JANKOWSKI, Individually and in his Official Capacity as Sheriff of
Washington County

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-823

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Burney and Eric Von Minden contest the summary judgment awarded
Sheriff J.W. Jankowski of Washington County, Texas, against the Von Mindens'
claim regarding limitations imposed upon the visitation rights of inmates in the
county jail.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Washington County, Texas, by and through its chief law enforcement officer, Sheriff Jankowski, has a rule prohibiting visitation between a person who has been incarcerated in the county jail within the previous six months and a current inmate at the facility. On 27 February 2006, Burney Von Minden was arrested for possession of marijuana and incarcerated as a pretrial detainee in the county jail for one day. Two months after he was released, on 11 April 2006, Burney Von Minden was denied permission to visit his son, Eric Von Minden, who was incarcerated during the month of April as a pretrial detainee in the county jail.

The Von Mindens sought relief pursuant to 42 U.S.C. § 1983, claiming the visitation policy violated due-process and equal-protection rights under the Fourteenth Amendment and freedom-of-association rights under the First Amendment of the United States Constitution. On 19 July 2007, summary judgment was awarded Sheriff Jankowski. The district court held: the Von Mindens' claims constituted only a de minimis violation of their civil rights; pretrial detainees have no First Amendment rights to visitation; and the jail's visitation policy is reasonably related to a legitimate penological interest.

A summary judgment is reviewed de novo, applying the same standards as the district court. E.g., Jones v. Robinson Prop. Group, L.P., 427 F.3d 987, 991-92 (5th Cir. 2005). Such judgment is proper if, viewing the evidence in the light most favorable to the nonmovant, there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Id. at 992; FED. R. CIV. P. 56(c). In contesting the summary judgment, the Von Mindens claim, inter alia: Sheriff Jankowski failed to show the visitation policy is reasonably related to legitimate penological interests.

To state a claim pursuant to § 1983, a plaintiff must: claim a violation of a right secured by the Constitution or laws of the United States; and demonstrate the alleged deprivation was committed by a person acting under

color of state law. Randolph v. Cervantes, 130 F.3d 727, 730 (5th Cir. 1997). Assuming, arguendo, the visitation policy violates an inmate's constitutional rights, the policy "is valid if it is reasonably related to legitimate penological interests". Turner v. Safley, 482 U.S. 78, 89 (1987); Taib v. Gilley, 138 F.3d 211, 214 (5th Cir. 1998).

The Supreme Court has explained the factors relevant in deciding whether a prison regulation affecting a constitutional right withstands challenge: (1) whether the regulation has a valid, rational connection to a legitimate governmental interest; (2) whether alternative means are open to inmates to exercise the asserted right; (3) what impact an accommodation of the right would have on guards and inmates and prison resources; and (4) whether there are ready alternatives to the regulation. Turner, 482 U.S. at 89-91.

The district court correctly applied these factors, concluding, inter alia: this six-month ban on visitation between current and former inmates is reasonably related to the legitimate governmental objectives of public safety and jail security. "[P]rohibiting visitation by former inmates bears a self-evident connection to the State's interest in maintaining prison security and preventing future crimes." Overton v. Bazzetta, 539 U.S. 126, 133 (2003). Essentially for the reasons stated by the district court, including in the magistrate judge's report and recommendation, the summary judgment is proper.

AFFIRMED.